# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: January 8, 2019

| | |
|---|---|
| * * * * * * * * * * * * * * *  <br>MARY MALLORY,   * <br>                                  * <br>         Petitioner,   * <br>                                  * <br>v.                               * <br>                                  * <br>SECRETARY OF HEALTH   * <br>AND HUMAN SERVICES,   * <br>                                  * <br>         Respondent.   * <br>* * * * * * * * * * * * * * *  * | UNPUBLISHED <br><br>No. 17-68V <br><br>Special Master Gowen <br><br>Attorneys' Fees and Costs; <br>Interim; Special Master's <br>Discretion. |

Amber Diane Wilson, Maglio Christopher & Toale, PA, Washington, DC, for petitioner.
Robert Paul Coleman, III, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON INTERIM COSTS[1]

On January 17, 2017, Mary Mallory ("petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] Petition (ECF No. 1). Petitioner alleged that she developed chronic inflammatory polyneuropathy ("CIDP") as a result of a TDaP vaccination administered to her on August 5, 2015. *Id.*

On November 27, 2018, petitioner filed a motion for interim attorneys' fees and costs. Motion for Interim Attorney's Fees and Costs ("Pet. Motion") (ECF No. 44). Petitioner requested reimbursement for costs in the amount of $20,750.00. *Id.* at ¶ 1.

On December 11, 2018, respondent filed a response to petitioner's motion. Respondent's Response to Petitioner's Motion for Interim Attorneys' Fees and Costs (ECF No. 46). Respondent stated that, in this case, he "defers to the Special Master to determine whether or not petitioner has

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), **because this decision contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website can be accessed at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

met the legal standard for an interim fees and costs award as set forth in *Avera v. HHS*, 515 F.3d 1343 (Fed. Cir. 2008)." *Id.* at 2. Respondent further "respectfully requests that the Special Master exercise his discretion regarding petitioner's request for an interim award of attorneys' fees and costs." *Id.* at 3.

On December 14, 2018, petitioner filed a reply to respondent's response. Reply to Respondent's Response (ECF No. 47). Petitioner argued that "[r]esponent has had and does have an important role in responding to motions for attorneys' fees and costs" and that respondent's position is overly burdensome on the Court and prejudices petitioner. *Id.* at 2. Petitioner also argued that she has met her burden of establishing reasonable costs and, as such, her interim costs should be awarded. *Id.* at 4.

This matter is now ripe for adjudication.

The special master may, in the exercise of his or her discretion, grant an interim award of reasonable attorneys' fees and costs if the special master finds that the petitioner brought the claim in good faith and with a reasonable basis. § 300aa-15(e)(1); *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008); *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372 (Fed. Cir. 2010). Special masters have "wide discretion in determining the reasonableness" of attorneys' fees and costs, and may increase or reduce the initial fee award calculation based on specific findings. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994); *see Avera*, 515 F.3d at 1348.

In *Avera*, the Federal Circuit stated, "Interim fees are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." 515 F.3d at 1352. In *Shaw*, the Federal Circuit held that "where the claimant establishes that the cost of litigation has imposed an undue hardship and there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees." 609 F.3d at 1375.

The present case has been pending before the Program since 2015, and petitioner has since submitted three experts reports from two experts in support of her claim, Dr. Allen and Dr. Akbari. *See* Petitioner's Exhibit ("Pet. Ex.") 12 (ECF No. 22); Pet. Ex. 36 (ECF No. 35); Pet. Ex. 45 (ECF No. 39). Petitioner's counsel explained that the retention of the two experts as well as the continued pendency of this claim are causing her firm undue hardship. Pet. Motion ¶¶ 6-8. As a general practice, I do not encourage motions for interim costs, but I recognize the issues raised by petitioner's counsel in this case. Petitioner's claim was brought in good faith and there exists a reasonable basis for this claim. Petitioner is therefore entitled to a reasonable award of interim and costs.

Petitioner requested $20,750.00 as reimbursement for the expert costs incurred thus far in this matter. Pet. Motion at ¶ 1. I have reviewed the invoices submitted with petitioner's motion. *See* Pet. Ex. 75. The expenses incurred are well-documented and based on my experience they appear reasonable. I find no cause for adjustment and thus the requested attorneys' costs are awarded in full.

In accordance with the foregoing, petitioner's motion for attorneys' fees and costs is **GRANTED**.

Accordingly, I award the following:

1) **A lump sum in the amount of $20,750.00, representing reimbursement for petitioner's interim costs, in the form of a check payable to petitioner and her attorney, Amber D. Wilson, of Maglio Christopher & Toale, PA.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** herewith.[3]

**IT IS SO ORDERED.**

s/Thomas L. Gowen
Thomas L. Gowen
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.